[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 29, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12523
Non-Argument Calendar

_____

D. C. Docket No. 05-00349-CV-5

TERRY W. MOORE,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(November 29, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Terry Moore appeals the district court's affirmance of the Commissioner's

denial of disability insurance benefits and supplemental security income. First, Moore argues the Administrative Law Judge's (ALJ's) finding that he can grasp, handle, and finger is not supported by substantial evidence. Second, Moore asserts that since he cannot grasp, handle, or finger, the hypothetical proposed to the vocational expert (VE) was not accurate. Third, Moore contends the ALJ erred in failing to give credit to his treating physician's opinion that Moore should not lift more than five pounds. Lastly, Moore asserts he is disabled because he cannot perform the full range of work at the sedentary exertional level. Specifically, he contends the Social Security Act defines sedentary work as being able to carry 10 pounds and that the testimony of the VE cannot trump the regulation.

We review a social security case to determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted).

2

## I. DISCUSSION

A.     *Moore's Ability to Grasp, Handle, and Finger*

Grasping[1], handling, and fingering are nonexertional limitations. *See* S.S.R. 85-15 (1984). "Handling" means having the ability to seize, hold, grasp, or turn an object. *Id.* "Fingering" means having the ability to pick or pinch. *Id.*

There is substantial evidence to support the ALJ's finding that Moore can grasp, handle, and finger. The record shows that Moore had full range of motion in his fingers, can abduct and adduct his fingers, and he had decreased, but intact sensation in his finger tips. Moore only had clawing in his fourth and fifth fingers. Moore testified the numbness was limited to the two outside fingers on each hand, and that he can grasp things that are not heavy. Moore's attorney admitted that any numbness was limited to the last two fingers. Since there is evidence that a reasonable person could rely upon to determine that Moore can grasp, handle, and finger, and there is no objective evidence that clearly contradicts such a finding, we

---

[1]"Grasping" is not defined because it is included in the definition of "handling." *See* S.S.R. 85-15, 2 (1984)

find that there is substantial evidence to support the ALJ's finding that Moore can grasp, handle, and finger.

B.     *Accuracy of the Hypothetical Question*

Once a claimant has established some disability that prevents him from performing his past relevant work, as in this case, the burden then shifts to the Commissioner to demonstrate that there are a significant number of jobs in the national economy that the claimant can perform. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). When a disability claimant has non-exertional impairments that significantly limit basic work skills, the preferred method of demonstrating that the claimant can perform other jobs is through the testimony of a VE. *Id.* at 1229. "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.*

As discussed above, there was substantial evidence to support the ALJ's finding that Moore can grasp, handle, and finger. Since the hypothetical posed to the VE was accurate, this issue is meritless.

C.     *Discrediting of Moore's Treating Physician*

"Absent a showing of good cause to the contrary, the opinions of treating physicians must be accorded substantial or considerable weight . . . ." *Lamb v.*

*Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).   The ALJ stated that he did not credit Moore's treating physician's opinion that Moore should not lift more than five pounds.  Nonetheless, the ALJ found that Moore should be limited to lifting no more than five pounds.  Since Moore agrees with the ALJ's finding and any error in the discrediting of the treating physician is harmless, we affirm the ALJ's finding that Moore should lift no more than five pounds.  *Patterson v. Bowen*, 799 F.2d 1455, 1459 (11th Cir. 1986) (stating remand is inappropriate when the error is harmless and that an error is harmless when correcting it would not change the outcome of the ALJ's finding).

D.    *Full Range of Sedentary Work*

"Sedentary work involves lifting *no more than* 10 pounds at a time."  20 C.F.R. § 404.1567(a) (emphasis added).  "[T]he mere inability to perform substantially all sedentary unskilled occupations does not equate with a finding of disability."  S.S.R. 96-9p, 5 (1996).  When an individual is unable to lift 10 pounds, but can lift more than 2 pounds, consultation with a vocational resource is appropriate.  *Id.*

It was not error for the ALJ to rely on the testimony of the VE because the ALJ should consult a VE when a claimant is not capable of performing the full range of a work classification.  *See Jones* 190 F.3d at 1229-30; S.S.R. 96-9p.

5

Moore is incorrect in stating that the testimony is in conflict with the regulations. The regulation states that the job will involve lifting *no more than* 10 pounds at a time. 20 C.F.R. § 404.1567(a). Thus, the classification contains jobs where the full limits of the work requirements will not be needed and it is appropriate to consult with a VE to identify those jobs.

## II. CONCLUSION

There is substantial evidence supporting the ALJ's finding that Moore can grasp, handle, and finger with his hands. The hypothetical question proposed to the VE was accurate, and supports the ALJ's finding that Moore can perform work in the national economy. Even though the ALJ discredited Moore's treating physician's opinion, the ALJ, nonetheless, concluded that Moore could lift no more than five pounds, thus any error in not crediting his opinion is harmless. Finally, it was not error for the ALJ to rely on the VE's testimony to determine Moore's ability to work in the national economy.

**AFFIRMED.**